# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL L. STANSBERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-17-1151-BMJ ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael L. Stansberry, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the portion of the Social Security Administration's final decision finding he was not disabled under the Social Security Act. The parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. *See* 28 U.S.C. § 636(c). The Commissioner has filed the Administrative Record (AR) [Doc. No. 9], and both parties have briefed their respective positions.[1] For the reasons stated below, the Commissioner's decision is affirmed.

**I.      Procedural Background**

On October 5, 2012, Plaintiff protectively filed applications for supplemental security income and disability insurance benefits. *See* AR 16. The Social Security Administration denied the applications initially and on reconsideration. AR 104-105, 130-131. Following a hearing, an Administrative Law Judge (ALJ) issued a partially favorable decision dated September 23, 2015. AR 12-35. The Appeals Council denied Plaintiff's request for review. AR 6-9. Thus, the decision

---

[1] Citations to the parties' submissions reference the Court's CM/ECF pagination.

of the ALJ became the final decision of the Commissioner. *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011). Plaintiff seeks judicial review of the unfavorable portion of this final agency decision. *See* Pl.'s Br. 5.

## II.     **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluation process); *see also* 20 C.F.R. §§ 404.1520; 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since July 22, 2011, the alleged onset date. AR 19.

At step two, the ALJ determined Plaintiff had impairments—diabetes mellitus with peripheral neuropathy; toes amputated; ischemic heart disease with stents and bypass; chronic obstructive pulmonary disease ("COPD"); other and unspecified arthropathies; gastrointestinal reflux disease ("GERD"); obesity; hypertension, not otherwise specified; hyperlipidemia; and restless leg syndrome—which, when combined, constituted a severe impairment. AR 19-24.[2] At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24-25.

The ALJ next determined Plaintiff's residual functional capacity (RFC), concluding:

> [F]rom July 22, 2011, up until the established onset date of disability of May 12, 2015, [Plaintiff] had the residual functional capacity to perform light exertion work as defined in 20 CFR 404.1567(b) and 416.967(b) restricted as follows: [Plaintiff] could occasionally lift and/or carry (including upward pulling) 20 pounds; [Plaintiff] could frequently lift and/or carry (including upward pulling) 10 pounds; [Plaintiff] could stand and/or walk (with normal breaks) for a total of six hours in an 8-hour workday; [Plaintiff] could sit (with normal breaks) for a total of six hours in an 8-hour workday; [Plaintiff's]

---

[2] The ALJ specified that Plaintiff's amputations, ischemic heart disease, other and unspecified arthropathies, and COPD amounted to severe impairments, while the other impairments did not cause more than minimal limitations in Plaintiff's ability to perform basic work activities when considered singly. AR 19.

ability to push and/or pull (including operation of hand and/or foot controls) was unlimited, other than as shown above for lift and/or carry; [Plaintiff] could occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. [Plaintiff] had no other physical limitations of any kind. [Plaintiff] had no mental limitations of any kind.

AR 25-31. The ALJ further concluded:

> [B]eginning on the established onset date of May 12, 2015, through the present, [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: [Plaintiff] can occasionally lift and/or carry (including upward pulling) 10 pounds; [Plaintiff] can frequently lift and/or carry (including upward pulling) 5 pounds; [Plaintiff] can stand and/or walk (with normal breaks[]) for a total of 2 hours in an 8-hour workday; [Plaintiff] can sit (with normal breaks) for a total of 6 hours in an 8-hour workday; [Plaintiff's] ability to push and/or pull (including operation of hand and/or foot controls) is unlimited, other than as shown above for lift and/or carry; [Plaintiff] can occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs; [Plaintiff] can understand, remember, and carry out simple instructions; [Plaintiff] can make judgments that are simple, work-related decisions; [Plaintiff] can respond appropriately to supervisors, co-workers, and usual work situations; and [Plaintiff] can deal with changes in a routine work setting.

AR 31-33. Relying on the testimony of a vocational expert (VE), the ALJ determined that from July 22, 2011, up until the established onset date of disability of May 12, 2015, Plaintiff was capable of performing past relevant work as a salesperson. AR 33. The ALJ next determined that from May 12, 2015, through the present, Plaintiff was prevented from performing past relevant work. AR 33-34. The ALJ further concluded that beginning on May 12, 2015, there were no jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 34. The ALJ concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act before May 12, 2015, but became disabled on that date and remained disabled through the date of

the decision. AR 35. Further, the ALJ found that Plaintiff was not under a disability at any time through December 31, 2012, the date last insured. *Id.*

## III. Issue Presented for Judicial Review

Plaintiff contends the ALJ improperly ignored evidence and, as a result, improperly found Plaintiff could perform his past relevant work as a salesperson.

## IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.  **Analysis**

Plaintiff alleges the ALJ erred by not properly considering a June 15, 2012 EMG study.[3] He contends by ignoring the study, the ALJ engaged in impermissible picking-and-choosing from the evidence. If the RFC included a limitation for only occasional reaching, handling, fingering, and feeling, Plaintiff asserts the ALJ would have found that Plaintiff could not perform his past relevant work as a salesperson.[4] Pl.'s Br. 6-8.

Defendant responds by noting the ALJ specifically discussed the EMG findings in the decision:

> On June 15, 2012, [Plaintiff] underwent an EMG/NCS study of left upper extremity that revealed left ulnar entrapment across elbow; C6-C7 radiculopathy; and diabetic sensory neuropathy.

AR 20 (*citing* AR 605). Thus, Defendant argues that "the record shows that the ALJ properly considered this testing, but simply reached a different conclusion as to Plaintiff's limitations." Def.'s Br. 6.[5] In his reply brief, Plaintiff again acknowledges that the ALJ "briefly mentioned"

---

[3] Plaintiff acknowledges the ALJ "mentions" the EMG report in the decision's step-two findings, but argues the ALJ should have included limitations based on the EMG report. Pl.'s Br. 8-9.

[4] Plaintiff couches his argument on the premise that the ALJ proffered a "faulty hypothetical question" to the VE that did not address all of Plaintiff's limitations. Pl.'s Br. at 6. Regardless of how the argument is phrased, Plaintiff's claim of error depends on whether the ALJ improperly ignored the EMG study. Considering this is Plaintiff's sole argument, the ALJ could only have made an error with the RFC or hypothetical question if he improperly considered the evidence.

[5] The Commissioner further asserts that even with a limitation to occasional reaching, handling, fingering, and feeling, he could have performed the salesperson position as it is generally performed. *Id.* at 6-7. The salesperson position for which the ALJ determined Plaintiff could perform requires no feeling and only occasional reaching, handling, and fingering. DOT § 274.357-050, 1991 WL 672486. Thus, the Commissioner's assertion is correct. Plaintiff argues in his reply brief that because there was error in analyzing the evidence, the ALJ would be required to make a finding as to the proper limitation on remand. Pl.'s Reply 3-4. Because there is no error with regard to analyzing the evidence, this argument is moot.

5

the EMG study, but contends the ALJ failed to consider the corresponding symptoms noted in the history section of the EMG study. Pl.'s Reply 1-2 (*citing* AR 605).

An ALJ must "consider all evidence" in the record when making a decision and may not pick-and-choose among medical reports. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). However, where the court "can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Id.* The Tenth Circuit has cautioned that courts cannot insist on technical perfection. *Id.* The Court analyzes Plaintiff's arguments under this framework.

It is clear from the decision that the ALJ considered evidence related to Plaintiff's ability to use his hands. The ALJ cited extensively from Plaintiff's testimony at the hearing, including Plaintiff's allegations that he has "stabbing pain and shock pain" in his hands that get worse when he is out of medication and that "he has limited use of his hands and it is hard to pick up small objects and button clothing." AR 29. Furthermore, as addressed above, the ALJ discussed the EMG study regarding Plaintiff's left upper extremity earlier in the decision as part of his thorough discussion of the medical evidence. AR 20. Ultimately, the ALJ found "the evidence strongly

suggests that the description of the symptoms and limitations was greater than what the objective record establishes" for a variety of reasons.[6] Thus, the ALJ considered all of the evidence.

Plaintiff's arguments to the contrary are unavailing. Although the ALJ did not specifically address the "history" section of the EMG study, it is clear the ALJ considered the report. The Court notes "[t]here is obviously no requirement that the ALJ reference everything in the administrative record." *Wilson v. Astrue*, 602 F.3d 1136, 1148 (10th Cir. 2010). Moreover, most of the history section appears to be a summary of Plaintiff's reported symptoms, which were addressed by the ALJ in his discussion of Plaintiff's testimony. Because the ALJ considered the evidence relevant to Plaintiff's hand issues, Plaintiff essentially asks the Court to reweigh the evidence—conduct in which this Court cannot engage. *See Bowman*, 511 F.3d at 1272.

The ALJ did not ignore the EMG study and he did not err in formulating the RFC. As a result, there was no error in finding that Plaintiff could perform the job of a salesperson. Thus, the decision of the ALJ is affirmed.

---

[6] The Commissioner noted various reasons why the ALJ determined that the Plaintiff's description of the symptoms was greater than what the objective record established. Def.'s Br. 4-5. Among those reasons listed in the brief was that the ALJ gave great weight to the state agency physicians who identified limitations consistent with the RFC. AR 30. Plaintiff responds by arguing that the state agency physicians did not review the EMG study. Pl.'s Reply 2-3. Plaintiff appears to be correct, as the EMG study is not referenced by either state agency physician nor is it listed in the section describing the evidence received. AR 106-117, 132-145. Nevertheless, regardless of whether the opinions of the state agency physicians amounted to good reasons for discounting Plaintiff's complaints with regard to his left upper extremity, the ALJ listed other good reasons for discounting the Plaintiff's reported symptoms. AR 30.

## VI. Conclusion

For the reasons set forth, the decision of the Commissioner is AFFIRMED.

ENTERED this 3rd day of August, 2018.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE